# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

GARY RAY PIERCE,          )
                                         )
                **Plaintiff,**      )
**v.**                                 )      **Case No. CIV-14-491-SPS**
                                         )
**CAROLYN W. COLVIN,**    )
**Acting Commissioner of the Social**  )
**Security Administration,**     )
                                         )
                **Defendant.**     )

## OPINION AND ORDER

The claimant Gary Ray Pierce requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R.

§§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42

U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the

decision was supported by substantial evidence; and, second, whether the correct legal

standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997)

[citation omitted]. The term substantial evidence has been interpreted by the United

States Supreme Court to require "'more than a mere scintilla. It means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'"

*Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v.*

*NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute

its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933

F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born on January 9, 1966, and was forty-seven years old at the time of the administrative hearing (Tr. 30). He completed high school, and has worked as a park grounds attendant and construction laborer (Tr. 17, 146). He alleges inability to work since July 5, 2011, due to mental problems (Tr. 145).

### Procedural History

The claimant applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on August 5, 2011. His application was denied. ALJ Bernard Porter conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated May 13, 2013 (Tr. 11-19). The Appeals Council denied review, so the ALJ's written opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the ability to perform less than the full range of light work as defined in 20 C.F.R. § 416.967(b), *i. e.*, that he could lift/carry/push/pull up to ten pounds frequently and twenty pounds occasionally, sit/stand/walk for six hours in an eight-hour workday, but could only occasionally reach with the right upper extremity. Additionally, the ALJ found the claimant could never climb ladders, ropes and/or scaffolds; should not

work around unprotected heights or moving mechanical parts; and should not be exposed to environments with temperature extremes. Finally, the ALJ found the claimant was limited to understanding simple oral instructions; was limited to simple work-related tasks and decisions; could have occasional interactions with co-workers and supervisors, but no interaction with the public; that time off tasks would be accommodated with normal breaks; and that he would miss one day of work per month (Tr. 15). The ALJ then concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform, *i. e.*, nuts and bolts assembler, electrical assembler, and level 2 marker (Tr. 17-18).

## Review

The claimant contends that the ALJ erred by: (i) improperly determining there was work he could perform at step five, and (ii) failing to weigh all the evidence in the record. More specifically, he asserts that the ALJ ignored a Third Party Function Report submitted by a friend, and further ignored evidence from a vocational rehabilitation service provider that was submitted after the hearing but prior to the issuance of his decision, and that the Appeals Council's review of this evidence did not make this error harmless. The undersigned Magistrate Judge agrees that, in light of the additional evidence submitted to the ALJ after the hearing but prior to the ALJ's decision, the ALJ did not properly assess the claimant's RFC with regard to his mental impairment. Accordingly, the decision of the Commissioner should be reversed.

The ALJ found the claimant had the severe impairments of schizoaffective disorder, polysubstance abuse, hypertension, diabetes mellitus, and degenerative joint

disease of the right shoulder (Tr. 13). The claimant reported inpatient mental health treatment in 2003 prior to an incarceration, and that he also cracked his arm and was in a cast for three months while he was in prison (Tr. 45). A discharge summary from Carl Albert Community Mental Health Center reflects a five-day inpatient treatment of the claimant from December 26, 2003 through December 31, 2003 (Tr. 298). Upon discharge, he was assessed as schizophrenic, undifferentiated chronic, along with a history of methamphetamine abuse, and given a guarded prognosis (Tr. 300). Medical records from the claimant's period of incarceration indicate that he continued to receive medications for his schizoaffective disorder (Tr. 261-286). He filed for disability shortly after being released from prison on June 17, 2011, and the evidence reflects that he began receiving medication management for his schizoaffective disorder and depression at Carl Albert Community Mental Health Center on June 28, 2011 (Tr. 292, 315, 488, 498, 500, 535-538).

On September 14, 2011, Dr. Kathleen Ward, Ph.D., completed a mental status examination of the claimant (Tr. 306). She took his history then noted under the category "appearance and behavior," that (i) the claimant was somewhat disheveled in appearance (unshaven face and slumped posture), (ii) that the claimant appeared to have "a fairly low level of functioning and did not appear to exaggerate symptoms," and (iii) that the claimant made little eye contact and appeared groggy overall (Tr. 307). Additionally, she found, *inter alia*, that his thought processes were logical and simplistically organized, that there was no evidence of delusional thoughts that day although he reported periodic lapses, and that he had some deficits in social judgment and problem solving (Tr. 308).

She then found the claimant had schizoaffective disorder and polysubstance abuse by history, restated a few of her findings including that related to eye contact, and indicated he would likely be able to manage funds awarded but was encouraged to continue mental health treatment (Tr. 308-309).

On November 22, 2011, state reviewing physician Carolyn Goodrich, Ph.D., reviewed the record and completed an assessment of the claimant's mental impairments. She indicated she believed the claimant was capable of simple work (Tr. 478). She then completed a mental RFC assessment, indicating in the first section that the claimant was *markedly* limited in the ability to understand and remember detailed instructions, carry out detailed instructions, and interact appropriately with the general public (Tr. 480-481). In the third section titled "Functional Capacity Assessment," she then stated that the claimant could perform simple tasks with routine supervision, relate to supervisors and peers on a superficial work basis, relate to the general public, and adapt to a work situation (Tr. 482).

At the March 13, 2013 administrative hearing, the ALJ agreed to leave the record open for five days to allow the claimant's representative to obtain additional records from Carl Albert (Tr. 29). On April 29, 2013, the Oklahoma Department of Rehabilitation Services issued a "Notification of Eligibility for Vocational Rehabilitational Services," stating that, based on his impairments, he qualified for vocational rehabilitation services "to prepare for, enter, engage in, or retain employment" (Tr. 552). The notification then stated, "In addition, we consider you to meet the criteria for a Priority Group 1 disability under our Order of Selection," which was defined as "eligible individuals with the most

severe mental or physical disabilities who have serious limitations in three or more functions (such as mobility, communication, self-direction, interpersonal skills, work tolerance or work skills). Individuals require multiple services over an extended period of time" (Tr. 552-554). The claimant's representative submitted this to the ALJ on May 1, 2013.

In his written opinion issued May 13, 2013, the ALJ summarized the claimant's testimony. As to his mental impairments, the ALJ commented on the sparsity of the record and noted the claimant was sent to Dr. Ward for a consultative exam. He noted Dr. Ward's findings that the claimant had poor eye contract, was candid about his medical condition, and had a poor memory. He then stated, "irrespective of these deficits, the claimant continues to improve with current treatment; he is able to express his feelings in a constructive manner and is actively seeking employment" (Tr. 16). He then gave the state reviewing physician's mental RFC assessment "probative weight," finding it consistent with Dr. Ward's mental status exam and the records from Carl Albert (Tr. 17). The ALJ made no mention of the newly-submitted evidence from the Oklahoma Department of Rehabilitation Services. The Appeals Council noted their general policy for reviewing appeals, including reasons for disagreement and any new evidence, then stated, "We found that the information does not provide a basis for changing the [ALJ's] decision" (Tr. 1-2). The record reflects that the vocational rehabilitation evidence was noted as additional evidence for the Appeals Council (Tr. 5).

The claimant argues that the ALJ erred by not properly assessing the evidence from the Vocational Rehabilitation Services, but the Commissioner asserts that the ALJ

was not required to consider this evidence because it was not timely submitted and, in any event, supports a finding that the claimant could work. Even assuming *arguendo* that somehow the ALJ did not receive this evidence prior to issuing his decision and/or was not required to because it was submitted after the time allowed by the ALJ, the Appeals Council *was* required to properly consider this evidence if it was: (i) new, (ii) material, and (iii) "related to the period on or before the date of the ALJ's decision," *see Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004), *quoting Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995), but failed to do so here. Evidence is new if it "is not duplicative or cumulative," and this evidence qualifies as such. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003), *quoting Wilkins v. Sec'y, Dep't of Health & Human Svcs.*, 953 F.2d 93, 96 (4th Cir. 1991). Second, evidence is material "if there is a reasonable possibility that [it] would have changed the outcome." *Threet*, 353 F.3d at 1191, *quoting Wilkins*, 953 F.2d at 96. The evidence must "reasonably [call] into question the disposition of the case." *Id. See also Lawson v. Chater*, 83 F.3d 432, 1996 WL 195124, at *2 (10th Cir. April 23, 1996) (unpublished table opinion). Here, the vocational rehabilitation services opinion suggests the claimant's mental impairments are discounted or largely unaccounted for in his RFC, and it is therefore clearly material.

Finally, the evidence is chronologically relevant because it pertains to the time "period on or before the date of the ALJ's Decision." *Kesner v. Barnhart*, 470 F. Supp. 2d 1315, 1320 (D. Utah 2006), *citing* 20 C.F.R. § 404.970(b). The evidence presented by the claimant after the administrative hearing thus *does* qualify as new and material evidence under C.F.R. §§ 404.970(b) and 416.1470(b), and the Appeals Council

considered it, so the newly-submitted evidence "becomes part of the record . . . in evaluating the Commissioner's denial of benefits under the substantial-evidence standard." *Chambers*, 389 F.3d at 1142, *citing O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). In light of this new evidence, the Court finds that the decision of the Commissioner is not supported by substantial evidence because the ALJ may not have had the opportunity to perform a proper analysis of the newly-submitted evidence in accordance with the authorities cited above, and the Commissioner's decision must therefore be reversed and the case remanded for further proceedings.

Additionally, the claimant argues that the ALJ erred in his analysis of his friend's Third Party Function Report. His friend, Donna Mann, indicated that the claimant had social problems, memory problems, and limitations performing even basic tasks without instruction if they have several steps, and that he needs reminders to take care of his own personal needs (Tr. 205-207). She reiterated that he needed encouragement to finish tasks, stated that he does not relate well to others but gets along with family, and indicated that he could only follow verbal instructions (and only followed spoken instructions "fair, with reminders") (Tr. 208-210). The ALJ only referred to this record at step three, noting that the claimant had close family and friends, and could take care of his personal needs, prepare simple meals, and shop in stores (Tr. 14). Social Security Ruling 06-03p provides the relevant guidelines for the ALJ to follow in evaluating "other source" opinions from non-medical sources who have not seen the claimant in their professional capacity. *See* 2006 WL 2329939 (Aug. 9, 2006). Soc. Sec. Rul. 06-03p states, in part, that other source opinion evidence, such as those from spouses, parents,

friends, and neighbors, should be evaluated by considering the following factors: (i) nature and extent of the relationship, (ii) whether the evidence is consistent with other evidence, and (iii) any other factors that tend to support or refute the evidence. *Id.*, 2006 WL 2329939, at *5-6. Here, particularly in light of the ALJ's notation as to the sparsity of evidence, it is especially noticeable that the ALJ wholly failed to properly evaluate this opinion evidence in accordance with the appropriate factors. This evidence, along with the evidence from Vocational Rehabilitation Services, suggests limitations not reflected in the RFC including, but not limited to, the need for additional supervision and the ability to follow instructions.

Accordingly, the decision of the Commissioner is not supported by substantial evidence because the ALJ did not perform a proper analysis of newly-submitted "other source" evidence, and further failed to properly evaluate the Third Party Function Report contained in the record. As such, the decision of the Commissioner should be reversed and the case remanded for further analysis by the ALJ. If this results in adjustments to the claimant's RFC, the ALJ should then re-determine what work, if any, the claimant can perform and ultimately whether he is disabled.

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent herewith.

**DATED** this 24th day of March, 2016.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**